*Decision will be entered under Rule 50.*

JOSEPH WEIL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 666, 1126. Promulgated April 6, 1944.

*Harry Thom, Esq.*, for the petitioner.
*Lester M. Ponder, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The issue for our determination in these cases is whether the entire income of the Blanch Weil trust is taxable to the petitioner under section 22 (a), 166, or 167 of the Revenue Act of 1938 and the Internal Revenue Code. The petitioner concedes that under the provisions of section 167 (a) (3) [1] that portion of the trust income is taxable to him which was used to pay the premiums on the insurance policies constituting a part of the trust corpus. He denies, however, that the balance of such income was taxable to him.

To be rendered liable for taxes on the trust income under section 22 (a) the petitioner must have retained such control over the trust

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.
  (a) Where any part of the income of a trust—

      \*       \*       \*       \*       \*       \*       \*

    (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

estate that he remain in substance the owner of the trust corpus, and consequently is to be treated as such for income tax purposes. *Helvering* v. *Clifford*, 309 U. S. 331.

In the instant cases the broad powers of management retained by the petitioner as trustee were the usual broad powers of management vested in trustees. No part of the trust income could be distributed to him, but was to be accumulated until his death. The petitioner had no power to revoke the trust or revest the trust properties in himself. The most he had was a possibility of reverter in the event he survived both his wife and son. Such a possibility is too remote to fix liability under section 22 (a). See *Commissioner* v. *Branch*, 114 Fed. (2d) 985, and *Commissioner* v. *Betts*, 123 Fed. (2d) 534.

While it is true that the beneficiaries of the trust were the petitioner's wife and son, this did not result, as contended by the respondent, in a "temporary reallocation of income within an intimate family group," see *Helvering* v. *Clifford*, *supra*, since no income was to be distributed during the petitioner's life, but was to be accumulated until after his death.

The petitioner retained no power to change the beneficiaries of the trust or to reapportion the income among existing beneficiaries. It is thus apparent that the petitioner had given up all substantial control over the trust income. He therefore can not be held taxable under section 22 (a), for, as said in *Commissioner* v. *Branch*, *supra:*

* * * Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22 (a) merely because he has made himself trustee with broad power in that capacity to manage the trust estate.

In his notice of deficiency the respondent relied also upon section 166 as a basis for taxing to the petitioner the income of the trust. He has evidently abandoned this contention, however, for in his brief he makes no argument urging the applicability of this section. We shall, therefore, not dwell upon the section in detail, but merely point out that a similar contention was rejected in *Commissioner* v. *Betts*, *supra*, which we here follow.

The major portion of the respondent's brief is devoted to his contention that the trust income was taxable to the petitioner under section 167. He argues that, because the trust instrument provides that the petitioner may add other insurance policies to the trust, the premiums upon which would be paid out of the trust income, therefore, the entire income of the trust may be applied to the payment of premiums on insurance policies on the life of the petitioner, and

hence the entire income of the trust is taxable to the petitioner under section 167 (a) (3).

A similar argument was presented in *Genevieve F. Moore*, 39 B. T. A. 808. In rejecting the respondent's contention, we said:

&ast; &ast; &ast; application of the provision in question depends upon the existence in the tax year of policies upon which it would have been physically possible for the trustees to pay premiums and upon the amount of the premiums so payable.

The same rule was applied in *Frank C. Rand*, 40 B. T. A. 233; affd., 116 Fed. (2d) 929; certiorari denied, 313 U. S. 594.

The respondent, however, asserts that these cases have, in effect, been overruled by *Helvering* v. *Stuart*, 317 U. S. 154. That case involved a trust created for the benefit of the grantor's minor child. The trustees were directed to pay to the beneficiary so much of the trust income or to apply so much of the income for his education or maintenance as to them should seem advisable. Only a part of the trust income was actually used for this purpose. The Supreme Court nevertheless held the entire income of the trust taxable to the grantor under section 167 (a) (2), saying:

&ast; &ast; &ast; The applicable statute says, "Where any part of the income &ast; &ast; &ast; may &ast; &ast; &ast; be distributed to the grantor &ast; &ast; &ast; then such part &ast; &ast; &ast; shall be included in computing the net income of the grantor." Under such a provision the possibility of the use of the income to relieve the grantor, pro tanto, of his parental obligation is sufficient to bring the entire income of these trusts for minors within the rule of attribution laid down in *Douglas* v. *Willcuts*.

We are unable to give to the *Stuart* case the construction for which the respondent contends. To do so, we think, would unduly extend the doctrine of that case. The Court carefully limited the scope of its decision to the facts before it, and we see no reason for extending the doctrine of the case to the cases at bar, involving wholly different facts and a different statutory provision.

We, therefore, adhere to our previous decisions on this matter. Under these decisions, as has been shown, the grantor's liability for tax depends upon the existence in the tax year of policies upon which it would have been physically possible for the trustees to pay premiums. There was in existence during the taxable years no policy that fell in the described category. Petitioner, as an individual, owned and paid the premiums on one other policy, but the trust instrument gave the trustee no power to pay such premiums. We can not approve respondent's contention.

*Decision will be entered under Rule 50.*